No. 153

MARYLAND CASUALTY CO. v. DAVIS

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5951. Decided Oct. 12, 1925

647. INSURANCE—Where by the terms of the policy, robbery is limited to goods stolen from employees of the assured, recovery on the policy will not be allowed if the person from whom the goods were stolen was not such employee.

SULLIVAN, J.

Max Davis recovered a judgment from the Maryland Casualty Co. in the Cleveland Municipal Court upon an insurance policy issued by the Company to Davis insuring him against loss by robbery. Error was prosecuted in the Court of Appeals by the Casualty Company seeking to reverse this judgmenet.

In substance, the terms of the policy, so far as are pertinent to this case, were that robbery was to be limited to a felonious and forcible taking of insured property by violence, fear of violence or by some felonious overt act from persons employed by Davis and having custody of such property. The facts, as appear from the record show that one Silverstein, while in possession of such property was assulted and rendered unconscious and when he recovered consciousness, he found that the property was stolen. The Court of Appeals held:

1. From the facts in the record no indictment would lie and a conviction could not be had against the culpable party in the robbery.

2. The documentary evidence of the first trial tending to show that Silverstein bought the goods from Davis was missing at the second trial, which reflects adversely as to the weight of the evidence on the part of Davis.

3. By the terms of the policy the relationship of employer and employee or that of master and servant must be established between Davis and Silverstein to entitle the former to recover. The vital elements indicating such relationship is that of wages or salary and control by one party over the other.

4. The record is silent as to control of Davis over Silverstein in the sense that an employer has over his employee, and there is substantial evidence negativing any indication that Silverstein received a salary from Davis. Silverstein, the evidence shows, was a customer of Davis and the goods when stolen belonged to Silverstein.

Judgment reversed and rendered in favor of the Casualty Co.

Attorneys—Mooney, Hahn, Loeser and Keough for Casualty Co; Rocker and Schwartz for Davis; all of Cleveland.